J-S70019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAVOY S. ROBINSON | |
| Appellant | No. 805 EDA 2014 |

Appeal from the PCRA Order February 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0807931-2004

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 16, 2015**

Appellant, Savoy S. Robinson, appeals *pro se* from the February 10, 2014 order dismissing, without a hearing, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court has set forth the relevant facts and procedural history of this case as follows.

> On April 13, 2005, [A]ppellant was sentenced to life plus 2 ½ - 5 years['] incarceration after a jury found him guilty of first[-]degree murder and possession of an instrument of crime for the shooting death of Geary Turner on July 11, 2004, at the Coleman Hall halfway house in Philadelphia.[1]  A direct appeal was taken and the judgment of

---

[*] Retired Senior Judge assigned to the Superior Court.

sentence was affirmed by the Superior Court of Pennsylvania on November 14, 2006. [**Commonwealth v. Robinson**, 915 A.2d 149 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 923 A.2d 1173 (Pa. 2007)]. The Supreme Court of Pennsylvania denied [A]ppellant's petition for review on May 17, 2007. [**Id.**] On July 10[,] 2007, [A]ppellant filed a timely first PCRA which was dismissed on October 3, 2008. The dismissal was affirmed by the Superior Court on November 24, 2009. [**Commonwealth v. Robinson**, 988 A.2d 728 (Pa. Super. 2009) (unpublished memorandum)]. Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.[2] On September 26, 2013, [A]ppellant filed this, his second[] petition for PCRA relief[.]

[1] 18 Pa.C.S.[A.] §§ 2502 and 907, respectively.

[2] Appellant notes in his petition that, on January 20, 2010, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. On November 4, 2011, the petition was dismissed and [A]ppellant appealed to the United States Court of Appeals. On February 7, 2012, the petition was denied. On April 16, 2012, the Supreme Court of the United States denied review, and the request for rehearing was denied June 18, 2012. Appellant suggests this tolls the PCRA timeliness requirements. However, our Supreme Court has held that apart from the specifically enumerated exceptions contained in Section 9545(b), "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling[.]" **Commonwealth v. Lewis**, 2013 PA Super 62, 63 A.3d 1274, 1278-79 (Pa. Super. Ct. 2013)[.]

PCRA Court Opinion, 5/23/14, at 1-2 (footnotes in original).

Thereafter, on February 10, 2014, the PCRA court denied Appellant's petition as untimely. On March 10, 2014, Appellant filed a timely notice of

appeal, along with a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and on May 23, 2014, the trial court filed its Rule 1925(a) opinion.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no

support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Roney*, *supra* at 605 (citation omitted).

Before we can proceed further in this appeal, we must first address the deficiencies in Appellant's brief. Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. "This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). This Court is willing to construe *pro se* materials liberally, but "*pro se* status confers no special benefit on an appellant." *Id.* at 1211-1212. "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). Additionally, "[t]his Court will not act as counsel and will not

develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011).

In the case *sub judice*, Appellant's brief does not contain a statement of the questions involved which is required by the Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a)(4), 2116. Nevertheless, because we can discern from Appellant's brief that he is arguing his PCRA petition should be treated as timely based on the newly discovered evidence exception to the PCRA time-bar, we decline to find waiver. Accordingly, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted).

Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, *Ali v. Pennsylvania*, --- U.S. ---, 2014 WL 2881005 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23

- 5 -

A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

Instantly, Appellant acknowledges that his second *pro se* PCRA petition is patently untimely. Appellant's Brief at 8. Appellant was sentenced on April 13, 2005, this Court affirmed the judgment of sentence on November 16, 2006, and our Supreme Court denied *allocatur* on May 17, 2007. Therefore, Appellant's judgment of sentence became final on August 15, 2007, when the period for Appellant to file a petition for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Accordingly, to be timely, any initial or subsequent PCRA petition had to be filed by August 15, 2008. **See** 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the instant petition on September 26, 2013, more than five years after his

judgment of sentence became final. As a result, it was patently untimely. Nevertheless, Appellant avers that his PCRA petition is timely under the newly-discovered evidence exception defined in subsection (b)(1)(ii). Appellant's Brief at 8.

Subsection (b)(1)(ii) provides as follows.

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

…

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

…

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

Our Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (emphases in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

***Id.*** (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar as a petitioner

must file the petition within 60 days of the time that the claim could have **first** been presented. **Commonwealth v. Edmiston**, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013).

In this case, Appellant avers that his petition is timely based on his newly discovered-evidence pertaining to his understanding of Pennsylvania's first-degree murder statute. Appellant's Brief at 11. Specifically, Appellant attempts to argue that once the Commonwealth elected not to pursue the death penalty it was barred from proceeding with a first-degree murder trial. *Id.* at 16. Without discussing the merits of Appellant's argument, we must conclude that said claim does not raise a newly-discovered evidence exception to the PCRA time-bar.

In **Edmiston**, our Supreme Court held in order for facts to be considered newly-discovered evidence "the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." **Edmiston**, **supra** at 352. Therein, the facts Edmiston relied on "were in the public domain and could have been discovered by Appellant through the exercise of due diligence prior to the filing of his [PCRA] Petition." **Id.** Accordingly, the Court concluded that Edmiston's petition failed to satisfy the newly-discovered evidence exception to the PCRA's jurisdictional time limitations. **Id.** at 353.

Herein, Appellant's claim is based on his understanding of Pennsylvania law regarding first-degree murder pursuant to 18 Pa.C.S.A. § 2502(a). Said statute was readily available at the time of Appellant's trial, and we fail to see how this can arguably be considered a newly-discovered fact.

Furthermore, Appellant does not state when he learned of the new evidence or that he filed his petition within 60 days of ascertaining it. As noted above, our Supreme Court has held that Section 9545(b)(2) requires a petition be filed within 60 days of the date that the claim **could** have first been filed. **See Edmiston**, **supra**. Appellant has made no such showing. Therefore, we conclude Appellant has failed to plead and prove that his petition is timely pursuant to Section 9545(b)(2). **See id.** As Appellant's brief does not allege that any other exception to the time-bar applies regarding any other claim, the PCRA court was without jurisdiction to consider the merits of Appellant's petition. **See Lawson**, **supra**.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition, without a hearing, as untimely filed. Accordingly, the PCRA court's February 10, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/16/2015</u>